# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1189

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from United States |
| | * | District Court for the Western |
| Dennis Lee Sypolt, | * | District of Missouri. |
| | * | |
| Appellant. | * | |

_____

Submitted:   September 9, 2003

Filed:   October 21, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and BYE, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Dennis Lee Sypolt was convicted of bank robbery, *see* 18 U.S.C. § 2113(a), and challenges his conviction and sentence on various grounds. We affirm the district court on all points.


I.

Mr. Sypolt maintains that the district judge improperly failed to recuse himself *sua sponte* for bias. Because Mr. Sypolt failed to preserve this issue for appeal, we review the lower court's inaction under the "plain error" standard. *See United States*

*v. Olano*, 507 U.S. 725, 731-32 (1993). In order to prevail, Mr. Sypolt must show that the district court's failure to recuse was clearly improper under the law, affected his "substantial rights," and " 'seriously affected the fairness, integrity, or public reputation of judicial proceedings.' " *Id.* at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

Our cases reveal a reluctance to require a judge to recuse himself or herself *sua sponte*. Despite the sweeping language of 28 U.S.C. § 455(a), which calls for recusal whenever a judge's "impartiality might reasonably be questioned," the statute does not extend literally to any kind of doubtful behavior. The Supreme Court has specifically held that "expressions of impatience, dissatisfaction, annoyance, and even anger" are not sufficient to trigger the statute. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994). And where a judge' s opinions are based on "facts introduced or events occurring in the course of the current proceedings," those opinions warrant recusal under § 455(a) only if they "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555.

In the present case, the district judge twice stated in open court that "[e]ven as great a lawyer as [Mr. Sypolt's attorney] is, she can't get this guy off." As a matter of decorum, we make the respectful suggestion that trial judges ought not to declare a defendant's case hopeless from the bench. But in this case, the judge made the relevant comments out of the presence of the jury; furthermore, when his remarks are viewed in context, it is clear that he was simply trying to goad the prosecution into expediting its case. Thus, the judge's comments seem to fit squarely into the category of stern though perhaps short-tempered efforts at courtroom administration, which the Supreme Court has explicitly stated do not require recusal under § 455. *See id.* at 556.

Mr. Sypolt also asserts that he was deprived of an impartial judge in violation of the due process clause of the fifth amendment. *Cf. Tumey v. Ohio*, 273 U.S. 510

(1927). We reject this claim. In contrast to the due process clause, the recusal statute is concerned largely with insuring that the federal judiciary appears to be impartial, in addition to actually being impartial. *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988). It thus reaches farther than the due process clause, which is concerned primarily with the individual rights of parties. *See United States v. Couch*, 896 F.2d 78, 81-82 (5th Cir. 1990). Since Mr. Sypolt's claim fails to pass muster under § 455, we conclude that it cannot survive the more rigorous standards required of a claim under the due process clause.

## II.

Mr. Sypolt next argues that the trial judge improperly refused to grant a delay to allow one of his witnesses to arrive. The judge instead instructed the defense attorney to "just tell the jury what [the witness] is going to say." The prosecutor and the defense counsel then engaged in a colloquy in front of the jury about the substance of the hypothetical testimony. Mr. Sypolt argues that the judge's decision should be reviewed under an abuse-of-discretion standard, but he failed to preserve this issue properly for appeal. In fact, by engaging in the colloquy without objecting, his attorney arguably waived the issue. In any case, under the "plain error" standard applicable to unpreserved issues, Mr. Sypolt's argument fails.

In order to survive plain error analysis, a party must normally "make a specific showing of prejudice." *Olano*, 507 U.S. at 735. Mr. Sypolt was found guilty of bank robbery. Footprints taken from the scene of the crime matched Mr. Sypolt's shoes. The money taken in the robbery was recovered and traced to Mr. Sypolt. The bank teller who gave the robber the money identified Mr. Sypolt as the perpetrator. Another witness to the robbery wrote down the license plate number of the getaway car, and numerous witness testified that Mr. Sypolt was driving that car on the day of the robbery. Shortly after the robbery, the police apprehended Mr. Sypolt in the car, and when he was arrested he confessed to the crime after being told of his *Miranda* rights. According to the colloquy before the jury, Mr. Sypolt's absent witness, who

was present at the robbery but not as close to the perpetrator as the teller, would have testified that the robber was black, evidence that was potentially exculpatory because Mr. Sypolt is white. The jury, however, heard the substance of the witness's testimony and was free to consider it. Furthermore, the teller who was actually confronted by the robber testified that he was white, although he was wearing some sort of a purplish make-up on his face; and when Mr. Sypolt was apprehended traces of purplish make-up were found in his mustache. Given the strong case against Mr. Sypolt, we cannot conclude that the mere physical absence of one of his witnesses worked him any material prejudice. It might even be said that it was the prosecution that was prejudiced because it was unable to subject the witness to cross-examination.

## III.

Finally, Mr. Sypolt challenges his sentence on two different theories. He contends, first, that the district judge erred in not granting him a reduction in his offense level for accepting responsibility pursuant to § 3E.1.1 of the United States Sentencing Guidelines. We review the district court's determination for "clear error" and will not reverse unless the court's "conclusions are without foundation." *United States v. Lim*, 235 F.3d 382, 385 (8th Cir. 2000) (internal quotations omitted).

Mr. Sypolt contends that he is entitled to the reduction because after being apprehended he confessed to the authorities, consented to various searches, and restored the stolen money to the bank. According to the guideline commentary, however, the adjustment that Mr. Sypolt seeks "is not intended to apply to a defendant who puts the government to its burden of proof at trial ... [, although] [i]n rare situations a defendant [may qualify] ... even though he exercises his constitutional right to a trial." U.S.S.G. § 3E.1.1, comment. (n.2). These "rare situations" are normally confined to cases where the defendant goes to trial only to preserve some contestable legal issue, such as the validity of the statute under which he is prosecuted. *See id.* Mr. Sypolt did not challenge the constitutionality of § 2113(a),

-4-

attack its application to his case, or offer some other exceptional defense; he merely put the government to its proof. We therefore cannot say that the district court clearly erred in refusing to reduce Mr. Sypolt's offense level.

Mr. Sypolt also maintains that the district judge should have granted him a downward departure under U.S.S.G. § 5K2.0 (policy statement) because of his mental condition. A decision to deny a downward departure is not reviewable, however, unless the district judge mistakenly believed that he or she lacked the authority to make such a departure. *Lim*, 235 F.3d at 385. In this case, Mr. Sypolt's attorney drew the district court's attention to the appropriate guideline during the sentencing hearing, and we can therefore safely infer that the judge was aware of his authority.

## IV.

We reject Mr. Sypolt's other arguments as being without merit. His conviction and sentence are therefore affirmed.

_____