# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1431

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Nathan Walker, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 25, 2008
Filed: May 6, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A jury found Nathan Walker guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), based on evidence that police officers found a gun on Walker's person while arresting him. The district court[1] entered judgment upon the verdict and sentenced him to 120 months in prison and 2 years of supervised release. Walker appeals, and his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), raising an issue under Batson v. Kentucky, 476 U.S. 79 (1986). For the reasons that follow, we affirm.

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

The matter proceeded to trial in November 2006. As relevant, during voir dire the government exercised peremptory strikes against two of four black venire members, all female, remaining in the venire pool after the strikes for cause had been exercised. The defense challenged the strikes under Batson. Government counsel then explained that he struck one venireperson because she said her son had been arrested for a drug crime, and she appeared to take umbrage when a marshal asked her to remove her hat. Defense counsel responded that she did not see the hat incident and had no comment on the son's arrest. Government counsel stated he struck the other venireperson because she did not list any employment on the information form, and, more important, she had a sister who was a correctional officer. When defense counsel argued that unemployed white persons remained in the venire pool, government counsel clarified that the venireperson he struck had orally stated she was employed after failing to answer the written question about her employment, and in any event it was her sister in corrections that distinguished her from the remaining venirepersons. The district court then found the government's explanations race neutral and overruled the Batson objection. We conclude that the court did not clearly err in finding there was no purposeful discrimination. See United States v. Blaylock, 421 F.3d 758, 769-70 (8th Cir. 2005) (standard of review; great deference given to district court's discrimination findings); see also Snyder v. Louisiana, 128 S. Ct. 1203, 1207-08 (2008) (discussing importance of trial court's evaluation of prosecutor's credibility and demeanor, and juror's demeanor).

Turning to arguments raised in Walker's pro se appellate filings, we disagree with his position that the police lacked probable cause to arrest him, and thereafter to search him: the officers testified that during an investigative stop, Walker admitted he had an outstanding warrant, pushed an officer, fled, and resisted arrest. See United States v. Dawdy, 46 F.3d 1427, 1431 (8th Cir. 1995) (person's response to even an invalid arrest or stop may constitute independent grounds for arrest). To the extent Walker wishes to challenge trial counsel's effectiveness, he must do so in a proceeding under 28 U.S.C. § 2255, where the record can be developed properly. See

United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998). In addition, he cannot succeed on a claim under Brady v. Maryland, 373 U.S. 83 (1963), based on his contention that exculpatory evidence might exist. Last, Walker has not shown that the district court was biased against him, or that the trial judge committed plain error in not sua sponte recusing himself. See United States v. Sypolt, 346 F.3d 838, 839-40 (8th Cir. 2003) (unpreserved issue of judicial bias reviewed for plain error; defendant failed to show district court's failure to recuse was clearly improper and affected defendant's substantial rights).

Finally, we have reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues.

Accordingly, we affirm the judgment of the district court and grant counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari. We deny Walker's pro se motion.

_____