# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-4008
_____

United States of America

*Plaintiff - Appellee*

v.

Nathan Melton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: October 25, 2013
Filed: December 26, 2013

_____

Before LOKEN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

In 2009, Nathan Melton was convicted of bank fraud and sentenced to 18 months imprisonment and 5 years supervised release. Melton's supervised release has been revoked three times. Melton now challenges the third revocation proceeding,

arguing that the district judge should have recused from the proceeding. We hold that the district court[1] did not commit plain error by not recusing *sua sponte*.[2]

Approximately one month after Melton was discharged into supervised-release for the third time,[3] the United States Probation Office filed a notice of non-compliance, alleging that Melton had violated several conditions of his supervised release. These violations included, among others, use of controlled substances, failure to comply with residential-reentry-center rules, failure to participate in substance abuse treatment, and failure to comply with drug testing. A revocation hearing was held November 19, 2012. Shortly before the hearing, Melton submitted to a drug test, and during the hearing, the preliminary results came back positive for synthetic marijuana. Melton maintained that he had not used synthetic marijuana and requested a formal lab test. The district court continued the revocation hearing, pending the results of the formal lab test. The district court decided to hold Melton in custody until the new hearing, which was scheduled to occur three weeks later. With courtroom personnel, including the judge, still in the courtroom, the marshals attempted to take Melton into custody. Melton became violent and refused to submit to the marshals. Melton struggled and fought with the marshals, injuring one of them and causing damage to courtroom furniture.

The same judge presided over the rescheduled revocation hearing. Melton was cited for violating multiple conditions of his supervised release, including a new supervised-release violation arising from the November 19 courtroom altercation. During the hearing, Melton admitted to the supervised-release violations for which he

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

[2]We grant Melton's motion to supplement the record.

[3]In January 2012, this court upheld Melton's second revocation. See United States v. Melton, 666 F.3d 513, 514-15 (8th Cir. 2012).

was originally cited. With regard to the new supervised-release violation arising from the November 19 disruption, Melton conceded that if evidence was presented, the court would find a violation by a preponderance of the evidence. Relying on these violations, the district court sentenced Melton to 36 months imprisonment, the maximum sentence available. The court indicated its dissatisfaction with Melton's actions at the November 19 hearing and reasoned that Melton's continued inability to adhere to the conditions of his release and his disrespect for the court justified the sentence. Though Melton knew the same judge would preside over the rescheduled revocation hearing, he did not request the judge to recuse, but, he now asks this court to hold that the judge should have recused *sua sponte*.

Because Melton argues the issue of recusal for the first time on appeal, "we review the lower court's inaction under the 'plain error' standard." United States v. Sypolt, 346 F.3d 838, 839 (8th Cir. 2003). "'To obtain relief under a plain-error standard of review, the party seeking relief must show that [1] there was an error, [2] the error is clear or obvious under current law, [3] the error affected the party's substantial rights, and [4] the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" United States v. Green, 701 F.3d 541, 543 (8th Cir. 2012) (quoting United States v. Poitra, 648 F.3d 884, 887 (8th Cir. 2011)). The party seeking recusal bears the burden of rebutting the presumption that the presiding judge was impartial. United States v. Martinez, 446 F.3d 878, 883 (8th Cir. 2006). "We have never found that a district court plainly erred in [not recusing itself *sua sponte*], and we are reluctant to do so now." United States v. Rubashkin, 655 F.3d 849, 858 (8th Cir. 2011) (citing Sypolt, 346 F.3d at 839).

A judge must recuse from "any proceeding in which [the judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(a) sets forth an objective standard for assessing a judge's duty to recuse; the question is "'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" See Moran v. Clarke, 296 F.3d

638, 648 (8th Cir. 2002) (en banc) (quoting In re Kan. Pub. Emps. Ret. Sys., 85 F.3d 1353, 1358 (8th Cir. 1996)). Despite section 455(a)'s broad scope, it does not "literally [extend] to any kind of doubtful behavior." Sypolt, 346 F.3d at 839. For instance, "'expressions of impatience, dissatisfaction, annoyance, and even anger'" are not sufficient to require recusal. Id. (quoting Liteky v. United States, 510 U.S. 540, 555-56 (1994)). When a party seeks to establish bias or prejudice from court conduct, the party must show "that the judge had a disposition 'so extreme as to display clear inability to render fair judgment.'" See United States v. Denton, 434 F.3d 1104, 1111 (8th Cir. 2006) (quoting Liteky, 510 U.S. at 551). Section 455(a)'s broad coverage is complimented by section 455(b), which sets forth specific situations in which a judge must recuse. Section 455(b)(1) obligates a judge to recuse when the judge "has . . . personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1); see also Liteky, 510 U.S. at 553-54 & n.2.

Melton argues that the district court judge lost her ability to be impartial when she witnessed Melton's violent actions at the November 19 hearing; thus, the judge had a duty to recuse under section 455(a) and section 455(b)(1). Melton supports his claim with two contentions: (1) the excessive sentence imposed upon him reflects the judge's bias, and (2) the judge impermissibly based the sentence on personal knowledge obtained by witnessing the disruption at the November 19 hearing. Applying the plain-error standard of review, we address Melton's arguments.

First, Melton's 36-month sentence does not establish the judge's partiality. Judicial rulings rarely establish a valid basis for recusal. See Liteky, 510 U.S. at 555 ("[Judicial rulings] are proper grounds for appeal, not for recusal."); Hooker v. Story, 159 F.3d 1139, 1140 (8th Cir. 1998) (per curiam). This general rule especially holds true here because Melton has failed to present any evidence demonstrating the judge's partiality. Though the judge expressed frustration with Melton's repeated disregard for the conditions of his release, such frustration does not establish partiality. See Sypolt, 346 F.3d at 839-40; Sentis Grp., Inc., Coral Grp., Inc. v. Shell Oil Co., 559

F.3d 888, 906-07 (Gruender, J., dissenting); cf. Sentis Grp., Inc., Coral Grp., Inc., 559 F.3d at 904-05 (majority opinion) (holding that the judge's actions towards a party, which included profane language, terse treatment, and mischaracterization of evidence, provided sufficient grounds to require recusal). In sum, Melton is unable to establish error on this basis.

Second, the judge did not impermissibly utilize personal knowledge of disputed facts to impose Melton's sentence. Though the district court judge found Melton's November 19 actions to be indicative of his general disregard for the legal system, the violation arising from Melton's November 19 actions was merely cumulative to Melton's other violations, which included use of a controlled substance, failure to participate in substance abuse treatment, and failure to comply with drug testing.[4] Moreover, for purposes of the revocation procedure, Melton did not contest the new violation from the November 19 incident and stipulated that if the Government had presented facts about the disruption the court would have found the violation had occurred. Thus, no actual dispute existed. Cf. United States v. Estey, 595 F.3d 836, 842-43 (8th Cir. 2010) (holding that a judge did not have a duty to recuse because the judge did not have any more information regarding the conduct in question than the litigants). Even if a dispute had existed, the judge observed the altercation in the course of the judge's normal courtroom duties. See Hale v. Firestone Tire & Rubber Co., 756 F.2d 1322, 1329-30 (8th Cir. 1985); accord Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 447-48 (2d Cir. 2005) ("Knowledge gained from the judge's discharge of his judicial function is not a ground for disqualification under 28 U.S.C. § 455(b)(1)."). Again, Melton has failed to establish error by the district court.

---

[4]Melton's first and second revocations arose out of similar violations. See United States v. Melton, 666 F.3d 513, 514-15 (8th Cir. 2012).

The district court judge did not commit plain error by not recusing *sua sponte* because neither ground asserted by Melton constituted an error. Accordingly, we affirm Melton's 36-month revocation sentence.

_____