# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3833

_____

United States of America

*Plaintiff - Appellee*

v.

Terry Dean Iceman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: December 14, 2015
Filed: May 2, 2016

_____

Before WOLLMAN, LOKEN, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

A jury convicted Terry Dean Iceman of strangulation in violation of 18 U.S.C. § 113(a)(8). At the time Iceman committed the offense, the United States Sentencing Commission had yet to promulgate a corresponding sentencing guideline. The

district court[1] found the Guideline section for Domestic Violence, United States Sentencing Guideline Manual (U.S.S.G) § 2A6.2, to be the most analogous to Iceman's offense of conviction and sentenced him to 41 months' imprisonment. Iceman appeals his sentence arguing (1) the district court erred in finding the Domestic Violence guideline to be the most analogous provision; and (2) the district court violated the Ex Post Facto Clause by sentencing him in accordance with a new sentencing guideline not in effect at the time of his offense instead of the guidelines in effect at the time of the offense.

We find the Domestic Violence guideline is the most analogous guideline because it is the only provision that accounts for the intimate relationship between the attacker and victim. We further find the district court sentenced Iceman under the guideline in effect at the time of his offense of conviction, and therefore did not violate the Ex Post Facto Clause. We affirm.

I

On the evening of July 17, 2013, Iceman and his live-in girlfriend, Lori Sayers, were at the home of their friends, Carol Strong and Darryl Raincloud. Strong's and Raincloud's home was located on the Red Lake Indian Reservation in Northern Minnesota. The two couples started drinking heavily that evening and continued through the next morning. Raincloud left the residence sometime prior to 9:00 a.m., while Strong, Sayers, and Iceman remained.

At approximately 9:00 a.m., Strong and Sayers locked Iceman out of the house because he was intoxicated and acting strangely. Shortly thereafter Strong and Sayers relented and permitted Iceman to enter the house. Once inside the home, Iceman

---

[1]The Honorable Michael J. Davis, Chief Judge of the United States District Court for the District of Minnesota.

began breaking items and grabbed Sayers by the hair. Iceman dragged Sayers from the residence, across the porch, and threw her near the fire pit which was still smoldering from the night before. During this altercation, Strong called law enforcement to remove Iceman from the residence. Sayers managed to escape and placed a second phone call to law enforcement.

After Sayers placed the call, Iceman grabbed Sayers again and struck her repeatedly, removed her pants, and ripped her shirt. Strong attempted to intervene by striking Iceman with her cane but Iceman threw her cane into the woods. Iceman then pulled Sayers's underwear off of her body, wrapped the underwear around her neck, and began strangling her. Next Iceman twisted Sayers's underwear around her neck, told her he was going to kill her, and dragged her down towards the smoldering fire. At this point, Sayers's underwear ripped. Iceman took Sayers's underwear and said, "These are mine," and placed the underwear in his pocket. Iceman then punched Sayers in the face several times, kissed her, and said, "See you at home." Sayers testified at trial that Iceman sexually assaulted her during this altercation.

Sayers was taken to the Red Lake Hospital for medical attention. Hospital staff noted she had abrasions all over her body and smelled of soot. They also observed burn holes in Sayers's pants. Sayers's neck was visibly swollen and she had bruising on her face, neck, and upper chest.

A grand jury charged Iceman in a two-count indictment with one count of aggravated sexual abuse in violation of 18 U.S.C. § 2241(a)(1); and one count of strangulation in violation of 18 U.S.C. § 113(a)(8). A jury found Iceman guilty of strangulation and acquitted him of aggravated sexual abuse.

Following his conviction for strangulation, the district court held Iceman's sentencing hearing on December 2, 2014. At the time Iceman committed the offense the Sentencing Commission had not yet promulgated a corresponding guideline. In

the absence of a corresponding guideline, the district court relied on U.S.S.G. § 2X5.1–which instructs the sentencing court to apply the most analogous Guidelines provision to the offense of conviction.

The district court considered two guideline provisions: the Domestic Violence guideline and Minor Assault, U.S.S.G. § 2A2.3 (2013). At the time of sentencing, the United States Sentencing Commission had recently enacted a corresponding guideline for strangulation under Aggravated Assault, U.S.S.G. § 2A2.2. The government conceded this corresponding guideline was inapplicable to Iceman's sentence as his offense occurred prior to the enactment of the Aggravated Assault guideline. The district court did not mention the Aggravated Assault guideline in the sentencing hearing or Statement of Reasons for Imposing the Sentence.

Ultimately the district court determined the Domestic Violence guideline was the most analogous provision because Iceman had an intimate relationship with the victim. The sentencing range under the Domestic Violence guideline was 41 to 51 months. The district court sentenced Iceman to 41 months' imprisonment, and he filed this timely appeal.

II

A

Iceman argues the district court erred in finding the Domestic Violence guideline to be the most analogous guideline because it only applies to offenses related to 18 U.S.C. §§ 2261-2262, which are federal statutes that involve domestic violence in interstate commerce. Iceman instead asserts the Minor Assault guideline is more analogous because Sayers only suffered minor injuries as a result of Iceman's attack. We disagree.

"[W]e give due deference to the court's fact-bound selection of the most analogous guideline." United States v. Allmon, 594 F.3d 981, 987 (8th Cir. 2010) (quoting United States v. Ferrara, 334 F.3d 774, 777 (8th Cir. 2003)). In the absence of an expressly promulgated guideline, the Sentencing Guidelines direct the district court to apply the most analogous offense guideline to the felony offense. U.S.S.G. § 2X5.1 (2013). This inquiry involves two steps. First, the district court must "determine whether there are any guidelines which are sufficiently analogous to the defendant's crime." United States v. Osborne, 164 F.3d 434, 437 (8th Cir. 1999). Second, the district court must "choose the most analogous guideline from the sufficiently analogous offense guidelines, if indeed there are more than one." Id.

U.S.S.G. § 2A6.2 (2013) is entitled "Stalking or Domestic Violence" and applies to stalking and domestic violence crimes under 18 U.S.C. §§ 2261 (interstate domestic violence), 2261A (stalking), 2262 (interstate violation of a protection order), and 117 (domestic assault by an habitual offender). See U.S.S.G. app. A. (Statutory Index). Under this guideline a defendant may receive enhancements for *inter alia* violations of protection orders and a pattern of activity involving stalking, threatening, harassing, or assaulting the same victim. U.S.S.G. § 2A2.3 (2013) is entitled "Minor Assault" and applies to simple assaults not punishable by more than 6 months; assault resulting in substantial bodily injury to an individual who has not attained the age of 16; as well as a variety of different assaults or injuries committed within Indian country or against government officials (foreign or domestic), government employees, servicemen, witnesses, informants, persons authorized to serve or execute search warrants and seizures, nuclear inspectors, maritime navigators, stowaways on aircrafts or vessels, or damage to the aircraft, aircraft facilities, international airports, post office, maritime platforms, and/or vessel itself. See 18 U.S.C. §§ 32(a)(b), 37, 112, 113(a)(5), 113(a)(7) 115(a), 115(b)(1), 351(e), 1153, 1389, 1512(a), 1513, 1751(e), 2116, 2199, 2231, 2280, and 2291; 21 U.S.C. § 675; 42 U.S.C. §§ 2000e-13, 2283; U.S.S.G. app. A. (Statutory Index). Not only does the Minor Assault guideline not contain any enhancements for violence between

spouses, intimate partners, or dating partners, but the corresponding statutes do not reference this aggravating factor either. Id.

The facts of Iceman's strangulation conviction are consistent with domestic violence. Iceman and Sayers were in an intimate relationship, lived together, and after Iceman viciously attacked Sayers he kissed her and told her he would "See [her] at home." The existence of an intimate relationship between the attacker and victim is an aggravating circumstance unique to acts of domestic violence. The district court recognized this fact in its Statement of Reasons for Imposing the Sentence and expressly found the Domestic Violence guideline was the most analogous provision "especially in light of Defendant's relationship to the victim." We agree.

The Domestic Violence guideline is also the most analogous guideline to Iceman's strangulation conviction because it is the only guideline with corresponding statutes that contain the same element of the existence of an intimate relationship between the attacker and victim. A jury convicted Iceman of strangulation in violation of 18 U.S.C. § 113(a)(8), which criminalizes, "Assault of a spouse, *intimate partner*, *or dating partner*[2] by strangling, suffocating, or attempting to strangle or suffocate . . . ." (Emphasis added). An essential element of the offense is the existence of an intimate relationship between the attacker and his victim. Most of the offenses under the Domestic Violence guideline contain the same essential element. See 18 U.S.C. §§ 2261(a)(1), 2261(a)(2), 2261A(1)(A)(iii), 2261A(2)(B)(iii), and 117(a)(1) (2013). None of the offenses under the Minor Assault guideline contain this element. See 18 U.S.C. §§ 32(a)(b), 37, 112, 113(a)(5), 113(a)(7) 115(a), 115(b)(1), 351(e), 1153, 1389, 1512(a), 1513, 1751(e), 2116, 2199, 2231, 2280, and 2291; 21 U.S.C. § 675; 42 U.S.C. §§ 2000e-13, 2283; U.S.S.G. app. A. (Statutory

---

[2]Under 18 U.S.C. § 2266(10), the term "dating partner" is defined as "a person who is or has been in a social relationship of a romantic or intimate nature with the abuser."

Index).  Iceman's argument that the Domestic Violence guideline is inapplicable because it involves interstate travel is a red herring.  Instead the common thread between these statutes is the existence of an intimate relationship; the interstate travel element is simply a jurisdictional hook.

In giving due deference to the district court's fact-bound selection, we find it properly determined the Domestic Violence guideline is the most analogous provision.

B

Iceman argues the district court erred by sentencing him in accordance with the newly effective Aggravated Assault guideline, which was in effect at the time of his sentencing but not at the time of the offense of conviction, and therefore violated the Ex Post Facto Clause.  We disagree.

Iceman did not object to the district court's application of Domestic Violence § 2A6.2 on ex post facto grounds at sentencing.  Consequently, the Court reviews Iceman's claim for plain error.  Fed. R. Crim. P. 52(b); United States v. Bolden, 596 F.3d 976, 983 (8th Cir. 2010).  "To obtain relief under a plain-error standard of review, the party seeking relief must show that (1) there was an error, (2) the error is clear or obvious under current law, (3) the error affected the party's substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  United States v. Melton, 738 F.3d 903, 905 (8th Cir. 2013) (quoting United States v. Green, 701 F.3d 541, 543 (8th Cir. 2012)).

Under the Sentencing Guidelines, "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."  U.S.S.G. § 1B1.11(a).  However, "[i]f the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the ex post facto clause . . . the

court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." U.S.S.G. § 1B1.11(b)(1); see Peugh v. United States, 133 S. Ct. 2072, 2077-78 (2013) (holding that the district court violates the Ex Post Facto Clause when a defendant is sentenced under current Guidelines providing for a higher sentencing range than the Guidelines in effect at the time of the offense.).

Iceman committed the offense of strangulation in July 2013 when no corresponding guideline provision existed. A month before Iceman's sentencing, the Sentencing Commission enacted the Aggravated Assault guideline, which corresponds with convictions under 18 U.S.C. § 113(a)(8). The sentencing range was the same under both the Domestic Violence and Aggravated Assault guidelines. Iceman therefore speculates the district court utilized the Domestic Violence guideline to functionally sentence him in accordance with the proposed Aggravated Assault guideline which violates the Ex Post Facto Clause.

This argument is contrary to the record. At sentencing, the government acknowledged the Aggravated Assault guideline was inapplicable to Iceman's sentence as his offense occurred prior to its promulgation. The district court considered all evidence presented at the sentencing hearing and ultimately determined the Domestic Violence guideline was the most analogous provision because it accounted for Iceman's intimate relationship with his victim. There is no evidence in the record to indicate the district court sentenced Iceman in accordance with the Aggravated Assault guideline. The district court's sentence therefore does not violate the Ex Post Facto Clause. We find that the district court committed no error–let alone plain error–in imposing its sentence.

III

For the foregoing reasons, we affirm the district court.

_____