# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1710

_____

United States of America

*Plaintiff - Appellee*

v.

Corey Anthony Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: January 8, 2018
Filed: February 21, 2018

_____

Before GRUENDER, MELLOY, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Defendant Corey Anthony Jones pleaded guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). At sentencing, he moved for a downward departure, arguing his criminal-history score overstated the severity of his criminal history. In addition, he argued that two prior felony convictions he received in the state of Illinois under 720 Ill. Comp. Stat.

570/401, should not trigger the career-offender provisions of the U.S. Sentencing Guidelines because U.S.S.G. § 4B1.2(b) defines "controlled substance offense" as an offense involving controlled substances or "counterfeit" controlled substances, whereas 720 Ill. Comp. Stat. 570/401 also applies to control substance "analogs." The district court[1] applied the career-offender guideline and imposed a 188-month, bottom-of-the-range sentence. We affirm.

The district court did not expressly address Jones's request for a downward departure. As such, Jones argues we must reverse his sentence based on procedural error. See United States v. Knight, 58 F.3d 393, 398 (8th Cir. 1995) ("Failure to depart downward is reviewable only if the district court did not realize that it had the discretion to consider a downward departure."). We reject his argument. Jones clearly and repeatedly asserted his request for a downward departure in his objection to the presentencing report, in his sentencing memorandum, and at his sentencing hearing. The experienced district court judge expressly addressed the underlying basis for Jones's request—an allegedly overstated criminal history—in applying the factors of 18 U.S.C. § 3553(a). It is clear beyond debate that the district court was cognizant of Jones's departure request and the authority to depart. See United States v. Sypolt, 346 F.3d 838, 841 (8th Cir. 2003) ("Mr. Sypolt's attorney drew the district court's attention to the appropriate guideline during the sentencing hearing, and we can therefore safely infer that the judge was aware of his authority."). In this context, we will not disturb the sentence based on the mere absence of a separate statement denying the requested departure.

Regarding the career-offender guideline, Jones argues the underlying Illinois statute defines an offense that is overbroad in the sense that it criminalizes conduct that qualifies as a controlled-substance offense and conduct that does not.

---

[1] The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

See Descamps v. United States, 133 S. Ct. 2276, 2292 (2013) (discussing overbreadth). Jones also argues the Illinois statute lists alternative means, rather than elements, such that the modified categorical approach does not apply. See Mathis v. United States, 136 S. Ct. 2243, 2253 (2016) (distinguishing between alternative means and alternative elements and holding the modified categorical approach applies only to overbroad statutes that list alternative elements). We do not reach the question of whether the Illinois statute lists alternative elements or means because we conclude the Illinois statute is not overbroad.

Jones's overbreadth argument rests on the theory that a conviction under 720 Ill. Comp. Stat. 570/401 could result from a transaction involving an analog substance and such a conviction would not satisfy U.S.S.G. § 4B1.2. Jones emphasizes that Section 4B1.2 defines the term "controlled substance offense" as an offense involving controlled substances or "counterfeit" controlled substances but does not expressly reference controlled-substance "analogs." While it is true that Section 4B1.2 itself does not employ the term "analog," Congress elsewhere has provided that "[a] controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of any Federal law as a controlled substance in schedule I." 21 U.S.C. § 813. Differences in spelling notwithstanding, we find no material distinction between the term "analog" as used in 720 Ill. Comp. Stat. 570/401 and the federal term "analogue" as used in § 813. See 21 U.S.C. § 802(32) (defining "controlled substance analogue"). We therefore conclude Jones's two prior Illinois convictions categorically qualify as controlled substance offenses under U.S.S.G. §§ 4B1.1, 4B1.2.

We affirm the judgment of the district court.

---