# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3104

_____

United States of America,

*Plaintiff - Appellee,*

v.

Darrell Junior Sims,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 25, 2018
Filed: June 5, 2018
[Unpublished]

_____

Before LOKEN, COLLOTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

After a jury found Darrell Sims guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), the district court[1] sentenced him to 120

_____

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

months in prison. Sims's counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the sufficiency of the evidence, the district court's application of an obstruction-of-justice Guidelines enhancement, and the district court's reliance on a prior Illinois controlled-substance conviction to set Sims's base offense level.

We conclude that the witness testimony, the recorded phone calls, the evidence that the firearms had traveled in interstate commerce, and the stipulation that Sims had been convicted of a felony were sufficient to support the jury verdict. *See United States v. Spight*, 817 F.3d 1099, 1102 (8th Cir. 2016) (standard of review); *United States v. Cowling*, 648 F.3d 690, 699-700 (8th Cir. 2011) (stating elements for § 922(g)(1) conviction). As to the sentencing issues, we conclude that the district court did not clearly err in applying the obstruction-of-justice enhancement, *see United States v. Calderon-Avila*, 322 F.3d 505, 507 (8th Cir. 2003) (per curiam) (standard of review), and that the district court did not plainly err in calculating the base offense level, *see United States v. Lovelace*, 565 F.3d 1080, 1087 (8th Cir. 2009) (standard of review); *see also United States v. Jones*, 882 F.3d 1169 (8th Cir. 2018).

Finally, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____