# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-3227

———————————————

United States of America

*Plaintiff - Appellee*

v.

Lloyd Koger

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

——————————

Submitted: June 15, 2020
Filed: July 27, 2020
[Unpublished]

——————————

Before LOKEN, ARNOLD, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

After Lloyd Koger pleaded guilty to distributing heroin following a felony drug conviction, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 851, the district court[1]

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

determined that he was a career offender because of his two convictions for controlled substance offenses under Ill. Comp. Stat. 570/401. *See* USSG § 4B1.1. Koger contends that those convictions do not qualify as career-offender predicates, but, as he concedes, *United States v. Jones*, 882 F.3d 1169, 1171 (8th Cir. 2018), which involves this very same statute, is directly on point and forecloses his argument. Koger also maintains that the district court erred in calculating the relevant drug quantity and in applying an enhancement for reckless endangerment. But our determination that he is a career offender controls his Guidelines range and renders these contentions moot. *See* USSG § 4B1.1(b).

The district court concluded that Koger's Guidelines range was 188–235 months' imprisonment, a holding Koger does not challenge. Koger moved the district court to vary downward from this range because the convictions that served as predicates to his career-offender status occurred so long ago that they almost don't count as predicates. He also pointed out that his criminal behavior began when he was nine years old, near the time his father left his family. The district court denied the motion and sentenced Koger to 200 months' imprisonment. In doing so, the court noted that, though Koger's father's departure from the family was a mitigating circumstance and the age of his predicate convictions might also be one, the aggravating circumstances here outweighed the mitigating ones. The court emphasized that Koger had committed crimes continually since he was nine years old and was likely to recidivate. We cannot say that the district court abused its ample discretion in so concluding, and we hold that Koger has failed to rebut the presumption that this Guidelines sentence is reasonable. *See United States v. Hoeffener*, 950 F.3d 1037, 1046–47 (8th Cir. 2020).

Affirmed.

_____