# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1855
_____

United States of America

*Plaintiff - Appellee*

v.

Jonathan Montanez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: January 10, 2022
Filed: June 10, 2022

_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Jonathan Montanez pleaded guilty to civil disorder, 18 U.S.C. § 231(a)(3). The district court[1] sentenced him to 24 months in prison. Montanez appeals, arguing

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

that the court incorrectly calculated his Guidelines range by applying U.S.S.G. § 2A2.4(a), obstructing or impeding officers. We affirm.

## I.

During the summer of 2020, Montanez joined in a Fargo, North Dakota protest against police brutality, organized in response to the murder of George Floyd. Montanez jumped on top of a marked Fargo Police Department car that had officers inside. He repeatedly slammed his fists into the hood and kicked the bumper, which caused damage. Montanez was later arrested.

Montanez pleaded guilty to one count of civil disorder. The parties agreed that U.S.S.G. § 2B1.1(a)(2), which deals with property damage or destruction, applied. The Presentence Report, however, recommended applying the higher base level in U.S.S.G. § 2A2.4(a) for obstructing or impeding officers. Over objections from Montanez and the Government, the district court found by a preponderance of the evidence that § 2A2.4(a) was the most analogous guideline to Montanez's conduct. This elevated his base offense level, which in turn increased his Guidelines range from 6–12 months to 18–24 months. The district court sentenced Montanez to 24 months, the high end of the advisory range. He appeals, arguing that § 2A2.4(a) is neither an analogous guideline, nor the most analogous guideline, to his offense conduct.

## II.

The Sentencing Commission has not specified a base offense guideline for civil disorder offenses under 18 U.S.C. § 231(a)(3). Instead, it directs sentencing courts to follow the cross-reference provision in U.S.S.G. § 2X5.1, which says to "apply the most analogous offense guideline." This is a two-step process; the district court first decides if there are sufficiently analogous guidelines by comparing the elements of the conviction offense to the elements of other offenses. *United States v. Iceman*, 821 F.3d 979, 982 (8th Cir. 2016). Second, if there are multiple

sufficiently analogous guidelines, the court makes a fact-bound inquiry to determine which guideline is most analogous to the defendant's conduct. *Id.* "We review *de novo* the court's determination of whether there is a sufficiently analogous guideline, and, where there are several analogous guidelines, we give due deference to the court's fact-bound selection of the most analogous guideline." *United States v. Allmon*, 594 F.3d 981, 987 (8th Cir. 2010) (quotation omitted) (cleaned up).

A.

First, we must determine whether U.S.S.G. § 2A2.4(a) is a sufficiently analogous guideline. The civil disorder offense reads:

> Whoever commits or attempts to commit any act *to obstruct, impede, or interfere with any fireman or law enforcement officer* lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function—Shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 231(a)(3) (emphasis added). The commentary to U.S.S.G. § 2A2.4(a) specifically references 18 U.S.C. §§ 111, 1501, 1502, and 3056(d). So, we compare the elements of those offenses to the elements of the civil disorder offense and decide whether they are sufficiently analogous to justify applying U.S.S.G. § 2A2.4(a) to civil disorder. Section 111(a)(1) states:

> Whoever—forcibly assaults, resists, opposes, *impedes*, intimidates, or *interferes* with any person [who is an officer or employee of the United States] while engaged in or on account of the performance of official duties . . . .

-3-

(emphasis added).  The first paragraph of § 1501 says:

> Whoever knowingly and willfully *obstructs*, resists, or opposes *any officer of the United States*, or other person duly authorized, in serving, or attempting to serve or execute, any legal or judicial writ or process of any court of the United States, or United States magistrate judge . . . .

(emphasis added).  Section 1502 states:

> Whoever knowingly and willfully *obstructs*, resists, or opposes *an extradition agent of the United States in the execution of his duties* . . . .

(emphasis added).  Finally, § 3056(d) says:

> Whoever knowingly and willfully *obstructs*, resists, or *interferes with a Federal law enforcement agent* engaged in the performance of the protective functions authorized by this section . . . .

(emphasis added).

Each of the referenced statutes prohibits obstructing, impeding, or interfering with law enforcement officials performing official duties.  And the civil disorder offense likewise criminalizes "any act to obstruct, impede, or interfere with any fireman or law enforcement officer" who is engaged in the lawful performance of his official duties during a civil disorder.  18 U.S.C. § 231(a)(3).  We conclude that this shared prohibition on obstructing, impeding, or interfering with law enforcement establishes that § 2A2.4(a) is sufficiently analogous to 18 U.S.C. § 231(a)(3).

## B.

However, the parties agree that U.S.S.G. § 2B1.1(a)(2) is also sufficiently analogous.  So, the next step is to determine which guideline is "most analogous."

-4-

*Iceman*, 821 F.3d at 982.  To do that, we "look not merely to the definition of the offenses, but also to the actual conduct of the individual defendant." *United States v. Osborne*, 164 F.3d 434, 439 (8th Cir. 1999).  Montanez jumped on a police car, kicked the bumpers, and repeatedly slammed his fists into the hood.  He damaged the car.  Montanez admitted to his conduct at the change of plea hearing and admitted that it was an "act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his official duties."  The district court found by a preponderance of the evidence that § 2A2.4(a) was most analogous to his offense conduct, a decision we give "due deference." *Allmon*, 594 F.3d at 987.

Giving due deference, we hold that the district court did not err by concluding that § 2A2.4(a) was the most analogous guideline.  Where § 2A2.4(a) applies to "Obstructing or Impeding Officers," § 2B1.1(a)(2) applies to property offenses.  Montanez's conduct was directed at law enforcement and, as he admitted, was intended to obstruct, impede, and interfere with their official duties.  That matches neatly with § 2A2.4(a) and the other obstruction offenses it expressly references.  And, unlike § 2A2.4(a), the potential applicability of § 2B1.1(a)(2) rests entirely on whether the offender's conduct results in actual property damage.  Property damage, however, is not an element of civil disorder—but acts to obstruct or impede law enforcement are.  Based on the factual record and the statute at issue, the district court did not err in concluding that § 2A2.4(a) was the most analogous guideline.  Accordingly, we affirm.

_____