# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2564
_____

United States of America,

*Plaintiff - Appellee*,

v.

Paul F. Doering,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the District of South Dakota - Rapid City
_____

Submitted: March 13, 2014
Filed: July 16, 2014
_____

Before COLLOTON, SHEPHERD, and KELLY, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Paul Doering pleaded guilty to tampering with evidence, in violation of 18 U.S.C. § 1512(c)(1). The district court sentenced Doering to ninety months' imprisonment and ordered him to pay $45,382.88 in restitution. Doering appeals, arguing that his custodial sentence is unreasonably long and that the district court erred in ordering restitution. We dismiss Doering's appeal of the custodial sentence

based on his appeal waiver, vacate the restitution order, and remand for further proceedings.

I.

On June 17, 2011, Doering participated in a western-themed charity event in Hill City, South Dakota, that involved the reenactment of a shoot-out during which the thespians were supposed to fire blanks. Doering portrayed one of the outlaws and fired several live rounds, wounding three spectators and damaging one vehicle. Upon realizing that his firearms contained live rounds rather than blanks, Doering hid the spent shell casings and the remaining ammunition. When law enforcement officers interviewed the reenactors, Doering lied and said that he had fired only blanks. A week after the event, Doering admitted that he had lied about the incident, and he showed an investigator where he had hidden the casings and the live ammunition.

A grand jury indicted Doering on July 19, 2011, for unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Doering later entered into a plea agreement pursuant to which he pleaded guilty to tampering with evidence, in violation of 18 U.S.C. § 1512(c)(1). Under paragraph G of the plea agreement, Doering agreed that he would not oppose an upward departure under the sentencing guidelines based upon any of several provisions enumerated in the agreement or an upward variance pursuant to 18 U.S.C. § 3553(a) based on similar grounds. Doering also waived his right to appeal "any non-jurisdictional issues," except for (1) any upward departure not based upon the provisions laid out in paragraph G and (2) the sentence's substantive reasonableness if an upward departure or upward variance not covered by paragraph G were imposed. Finally, Doering "agree[d] to make restitution" to four victims of the shooting incident "pursuant to 18 U.S.C. §§ 3663 and 3663A."

-2-

Based on Doering's criminal history and offense level, the district court calculated Doering's advisory sentencing range to be 24 to 30 months' imprisonment. The district court determined, however, that upward departure was appropriate based on two of the guidelines provisions discussed in paragraph G and thus arrived at a final range of 87 to 108 months' imprisonment. Noting that it would "reach the same sentence . . . with an upward variance that [it] would reach using the . . . upward departures," the district court sentenced Doering to 90 months' imprisonment. After a separate hearing, the district court ordered Doering to pay $45,382.88 in restitution to the three victims whom he shot. Doering appeals.

II.

Doering first challenges the ninety-month sentence imposed by the district court. Emphasizing the accidental nature of the shooting and other mitigating factors, he argues that the sentence was "substantively unreasonable and not based on adequate explanation." The government counters that Doering's appeal of the custodial sentence should be dismissed because Doering waived his right to appeal in the plea agreement.

A defendant may waive his right to appeal his sentence, and we will enforce such a waiver so long as the issue on appeal "falls within the scope of the waiver," the defendant entered into both the plea agreement and the waiver "knowingly and voluntarily," and enforcement of the waiver will not "result in a miscarriage of justice." *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc).

The waiver provision in Doering's plea agreement states, in relevant part:

The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length

of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant [to] 18 U.S.C. § 3553(a), *except that the Defendant agrees that he waives all defenses and his right to appeal the decision of the Court to impose an upward departure or variance as outlined in Paragraph G of this Agreement.*

Plea Agreement, R. Doc. 29, at 8 (emphasis added).

Paragraph G of the agreement, in turn, discusses four guidelines provisions permitting departures based on a defendant's under-represented criminal history, his use or possession of a weapon in the commission of the offense, his commission of the offense in order to facilitate or conceal another offense, and the seriousness of the offense when taking into account a charge dismissed pursuant to a plea agreement. *See* USSG §§ 4A1.3(a)(1), 5K2.6, 5K2.9, 5K2.21. Doering "agree[d] that he [would] not oppose an upward departure under the Sentencing Guidelines or an upward variance pursuant to 18 U.S.C. § 3553(a), based upon those departure provisions listed [in paragraph G] or a variance based upon similar grounds."

Doering contends that the waiver does not apply because the district court arguably imposed the 90-month sentence based upon considerations outside those included in paragraph G. We conclude, however, that the district court's sentencing decision was based upon the provisions enumerated in paragraph G of the plea agreement and therefore falls within the scope of Doering's waiver. The district court specifically discussed the four guidelines provisions in paragraph G, explained that an upward departure was warranted based on two of those provisions, and accordingly applied a final sentencing range of 87 to 108 months. The district court noted that it would "reach the same sentence under the federal sentencing statute with an upward variance that [it] would reach using the federal sentencing guidelines with upward departures, because those thought processes take into account all of the factors . . . discussed so far." The district court then concluded that "a sentence in the mid range

of that guidelines range at 90 months . . . is a fair and just sentence in this case." Any ambiguity as to whether the district court relied upon an upward departure or an upward variance to reach the 90-month sentence is immaterial, because paragraph G encompasses both possibilities.

For these reasons, we enforce Doering's waiver of his right to appeal the reasonableness of his custodial sentence.

### III.

Doering also challenges the district court's award of restitution to the victims of the shooting incident, and the government disclaims any argument that the restitution appeal is barred by the plea agreement. Doering's plea agreement specified that he "agrees to make restitution to" four named persons, "pursuant to 18 U.S.C. §§ 3663 and 3663A." Three of those persons made timely requests for restitution, and the district court observed that all three were victims who "suffered bodily injury when a live round of ammunition fired from Mr. Doering's handgun directly struck each victim or a particle of shrapnel from a live round struck them."

Doering argues that restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, is unlawful because the MVRA does not apply to his tampering offense. He also argues that the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663, does not authorize a restitution award against him. He contends in the alternative that if restitution is appropriate under the VWPA, the district court erroneously failed to consider his ability to pay the award. We review the district court's decision to award restitution for abuse of discretion, but we review *de novo* the district court's interpretation of its mandatory restitution obligations under the MVRA. *United States v. Frazier*, 651 F.3d 899, 903 (8th Cir. 2011).

"Federal courts may order restitution only when explicitly empowered to do so by statute." *United States v. Yielding*, 657 F.3d 688, 718 (8th Cir. 2011). The government now agrees with Doering that the district court's reliance on the MVRA was erroneous. The MVRA provides that a sentencing court "shall order" a defendant convicted of certain offenses described in 18 U.S.C. § 3663A(c)—none of which is at issue here—to pay restitution to the victim of the offense. 18 U.S.C. § 3663A(a)(1). The statute further provides that "[t]he court shall also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense." *Id.* § 3663A(a)(3). But for the MVRA to apply "[i]n the case of a plea agreement that does not result in a conviction for" one of the offenses listed in § 3663A(c)(1), "the plea [must] specifically state[] that an offense listed under such paragraph gave rise to the plea agreement." *Id.* § 3663A(c)(2). The parties agree that Doering's plea agreement and plea did not satisfy this threshold requirement, so we conclude that restitution under the MVRA was unauthorized.

Doering argues that there is no other basis for the restitution order, because the VWPA also does not authorize it. The VWPA empowers the sentencing court to order restitution to any victim of the offense of conviction. 18 U.S.C. § 3663(a)(1)(A). The statute further provides that "[t]he court may also order, if agreed to by the parties in a plea agreement, restitution to persons *other than the victim of the offense*," *id.* (emphasis added), and that "[t]he court may also order restitution in any criminal case *to the extent agreed to by the parties in a plea agreement*." *Id.* § 3663(a)(3) (emphasis added). Insofar as Doering contends that the VWPA cannot authorize the restitution ordered because the recipients are not victims of his tampering offense, but rather victims of the accidental shooting, we disagree. Section 3663(a) superseded the limitations of the former restitution statute recognized in *Hughey v. United States*, 495 U.S. 411, 413 (1990), and expressly authorized a court to order restitution to the extent agreed to by the parties in a plea agreement, including to persons other than the victim of the offense of conviction. *See, e.g.*, *United States v. Moore*, 703 F.3d 562, 573-74 (D.C. Cir. 2012) (upholding restitution order where "the Plea Agreement

explicitly provides that restitution will be due to victims of all of Moore's criminal conduct, not just his offenses of conviction"), *cert. denied*, 134 S. Ct. 223 (2013); *United States v. Blake*, 81 F.3d 498, 507 (4th Cir. 1996) (vacating restitution order based on losses to victims of criminal conduct who were not victims of offense of conviction, but explaining that "this undesirable result can be corrected in the future . . . by a plea agreement that requires a defendant to make restitution to individuals directly harmed by his criminal conduct").

Doering and the government agree, however, that restitution may be awarded under the VWPA only after the sentencing court considers the defendant's financial resources. 18 U.S.C. § 3663(a)(1)(B)(i)(II). Because the district court relied incorrectly on the MVRA, it had no occasion to address Doering's ability to pay. We therefore vacate the restitution order and remand for further proceedings. The district court may address Doering's ability to pay and any other issues relevant to an order of restitution pursuant to § 3663.

\* \* \*

For the foregoing reasons, we dismiss Doering's appeal of the custodial sentence based on his appeal waiver, vacate the order on restitution, and remand for further proceedings.

_____