# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-1978

_____

United States of America

*Plaintiff - Appellee*

v.

John E. Winston

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: December 12, 2016
Filed: March 1, 2017

_____

Before RILEY, Chief Judge, WOLLMAN and SMITH, Circuit Judges.

_____

RILEY, Chief Judge.

John E. Winston began his term of supervised release January 15, 2016, after being incarcerated for more than 25 years. Upon recommendation from his probation officer, the district court[1] later amended Winston's supervised release to require

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Winston to submit his person and property to a search upon reasonable suspicion. Because we conclude the district court did not commit plain error in imposing the search condition and the search condition does not violate due process or the Ex Post Facto Clause of Article I, § 9 of the United States Constitution, we affirm.

## I.    BACKGROUND

On November 16, 1989, a jury found Winston guilty of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and four counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(B). Winston was sentenced to 365 months imprisonment and a ten-year term of supervised release. Winston was released from prison and began his term of supervised release on January 15, 2016.

Winston's probation officer filed a status report on March 24, 2016, recommending a show cause hearing to modify Winston's conditions of supervised release to include a condition requiring Winston to submit his person and property to a search based on reasonable suspicion. The probation officer claimed the search condition was not imposed at Winston's sentencing because the court was not using such a condition at that time. In addition, the probation officer stated "[c]onsidering the history and characteristics of Winston and the nature and circumstances of the instant offense, a search condition could be essential to his effective supervision in the community." The probation officer argued the search condition would deter Winston from future crimes and promote public safety.

At a hearing held April 4, 2016, Winston objected to the search condition as retroactive punishment in violation of the Ex Post Facto Clause. The district court responded: "I've never seen a case in almost 20 years I've been doing this now where supervision was imposed and this condition wasn't included. I don't see it as a punitive measure. I do see it as a measure that is meant to provide treatment and assistance to a person under supervision."

The government did not offer anything other than what the probation officer included in his recommendation. The district court then ordered Winston, as an additional condition to his terms of supervision:

> [S]hall submit his person, and any property, house, residence, office, vehicle, papers, computer, other electronic communication or data storage devices or media and effects to a search at any time, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release, failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

Winston appeals, and, having appellate jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## II.    DISCUSSION

Winston argues the district court improperly imposed the search condition because (1) under 18 U.S.C. § 3583(d), such a condition is only applicable to felons required to register under the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16911, et seq.; (2) the district court violated Winston's right to due process by imposing the condition; and (3) the condition violated the Ex Post Facto Clause. Because "[d]istrict courts enjoy broad discretion in the imposition or modification of conditions for terms of supervised release, . . . we review only for abuse of discretion," but we review de novo "[u]nderlying questions regarding compliance with the rules of criminal procedure and the provision of due process." United States v. Davies, 380 F.3d 329, 332 (8th Cir. 2004). If a defendant fails to object to a procedural error in the district court, we review for plain error. See United States v. Alvizo-Trujillo, 521 F.3d 1015, 1018 (8th Cir. 2008).

In the district court, Winston objected to the search condition only on the ground it was an ex post facto violation; thus, we review Winston's first two claims for plain error. Winston must show "'(1) there was an error, (2) the error is clear or obvious under current law, (3) the error affected [his] substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" United States v. Iceman, 821 F.3d 979, 984 (8th Cir. 2016) (quoting United States v. Melton, 738 F.3d 903, 905 (8th Cir. 2013)). "We review [Winston's] *ex post facto* claim *de novo*." United States v. Carter, 490 F.3d 641, 643 (8th Cir. 2007).

Winston first argues the search condition is only applicable to felons required to register under SORNA. The search condition at issue here is very similar to the condition § 3583(d) explicitly allows for felons required to register under SORNA.[2] The government does not dispute Winston is not a felon required to register under SORNA.

There is nothing in the language of § 3583(d) limiting the search condition *only* to felons who are required to register under SORNA. The Sentencing Commission recognizes a search condition "may otherwise be appropriate in particular cases,"

---

[2]In relevant part, § 3583(d)(3) reads:

The court may order, as an explicit condition of supervised release for a person who is a felon and required to register under the Sex Offender Registration and Notification Act, that the person submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 5D1.3(d)(7)(C), and 18 U.S.C. § 3583(d)(3) permits a district court to impose "any other condition it considers to be appropriate." Noting this provision, the Seventh Circuit Court of Appeals rejected the proposition that the search condition is limited to certain offenders: "[W]hile the Sentencing Commission recommends that persons convicted of sex offenses against minors *always* be subject to a special condition permitting warrantless searches, U.S.S.G. § 5D1.3(d)(7), the Commission has also said that the same condition 'may otherwise be appropriate in particular cases.'" United States v. Neal, 810 F.3d 512, 520-21 (7th Cir. 2016) (quoting U.S.S.G. § 5D1.3(d)).

Under § 3583(d), the "other" condition "must be 'reasonably related' to five matters: the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical or other correctional needs." United States v. Crume, 422 F.3d 728, 733 (8th Cir. 2005) (quoting 18 U.S.C. § 3583(d)(1)) (citing 18 U.S.C. § 3553(a)(2)(B), (a)(2)(C), (a)(2)(D)). In addition, "the conditions must 'involve[] no greater deprivation of liberty than is reasonably necessary' to advance deterrence, the protection of the public from future crimes of the defendant, and the defendant's correctional needs. Finally, the conditions must be consistent with any pertinent policy statements issued by the sentencing commission." Id. (alteration in original) (citation omitted) (quoting 18 U.S.C. § 3583(d)(2)).

The district court did not commit plain error in imposing the search condition. It is not "clear or obvious under current law" the search condition is not reasonably related to Winston's offenses and criminal history, involves a greater deprivation of liberty than necessary, or is inconsistent with any pertinent policy statements. Iceman, 821 F.3d at 984; see, e.g., United States v. Sharp, 931 F.2d 1310, 1311 (8th Cir. 1991) (determining a condition of supervised release subjecting a defendant

convicted of drug crimes to unrestricted warrantless searches "was within the district court's power").

Winston also argues the district court denied him procedural due process by failing to consider whether the search condition is reasonably related to the § 3553(a) factors and whether the search condition involved no greater deprivation of liberty than is reasonably necessary. "When crafting a special condition of supervised release, the district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as 'to ensure that the special condition satisfies the statutory requirements.'" United States v. Wiedower, 634 F.3d 490, 493 (8th Cir. 2011) (quoting United States v. Curry, 627 F.3d 312, 315 (8th Cir. 2010)). "While this court encourages detailed individual findings, where the basis for the special condition can be discerned from the record, the condition need not be vacated." United States v. Hart, 829 F.3d 606, 609 (8th Cir. 2016).

The district court noted the condition "is meant to provide treatment and assistance to a person under supervision." The record also includes the probation officer's motion hearing recommendation arguing a search condition is essential to Winston's effective supervision in the community, given the history and characteristics of Winston and the instant offense, and that such a condition would deter Winston from future criminal conduct and promote public safety. Any potential error here is not plain. See Iceman, 821 F.3d at 983-84.

Finally, Winston argues the imposition of the search condition violates the Ex Post Facto Clause because the search condition retroactively increased his penalty. The Ex Post Facto Clause prevents increasing punishment for a criminal act after the act has been committed. See U.S. Const. art. I, § 9; Doe v. Miller, 405 F.3d 700, 719 (8th Cir. 2005). In determining whether a condition is in violation of the Ex Post

Facto Clause, we examine whether the condition at issue is punitive either in its purpose or in its effect. See Smith v. Doe, 538 U.S. 84, 92 (2003).

The district court noted the search condition is not "a punitive measure," so the search condition is not punitive in purpose. The search condition also is not punitive in its effect. See Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69 (1963) (identifying seven factors to determine whether a provision is sufficiently punitive to override express intent, including "whether it has historically been regarded as punishment," whether it promotes the "traditional aims of punishment," namely "retribution and deterrence," and "whether it appears excessive in relation to the alternative purpose assigned"). Though the search condition does deter future crimes, deterrence may "serve non-punitive goals." United States v. Jackson, 189 F.3d 820, 824 (9th Cir. 1999). The search condition also is not excessive in relation to the alternative purpose because it is limited to searches conducted in a reasonable manner at a reasonable time and only upon reasonable suspicion. Other circuits have held similar conditions are not punitive. See, e.g., United States v. Coccia, 598 F.3d 293, 298-99 (6th Cir. 2010) (holding a condition of supervised release requiring the defendant to provide a DNA sample, which the court could not impose at the time of the defendant's sentencing, did not violate the Ex Post Facto Clause because the condition was not punitive); Jackson, 189 F.3d at 823-24 (determining imposing mandatory drug testing as a condition of supervised release pursuant to the Guidelines in effect at the time of the defendant's sentencing and not at the time of the commission of the offense was not an ex post facto violation because the condition was not punitive). Because the search condition here is not punitive, it does not violate the Ex Post Facto Clause.

## III.  CONCLUSION
We affirm.

———————————————————