# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1173
_____

United States of America

*Plaintiff - Appellee*

v.

Paul William Criswell

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: May 5, 2017
Filed: May 9, 2017
[Unpublished]
_____

Before RILEY, MURPHY, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

While Paul Criswell was serving a term of federal supervised release, the district court[1] revoked supervision and sentenced him to serve eight months in prison and one additional year of supervised release. Criswell appeals, and we affirm.

For reversal, Criswell argues that the district court failed to consider the 18 U.S.C. § 3553(a) sentencing factors when imposing his revocation sentence, and failed to discuss the weight that the court was giving to those factors in imposing additional supervised release. Because no objection was raised below, we review for plain error, see United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009), and we find none, see United States v. Winston, 850 F.3d 377, 380 (8th Cir. 2017) (plain error standard). The district court stated that it had considered the section 3553(a) factors; and in particular, the court expressed concern that Criswell had continued to violate his release conditions while he was out on bond awaiting sentencing following revocation of his supervision. The court also noted that Criswell had failed to take advantage of drug treatment. See 18 U.S.C. § 3553(a)(1) (history and characteristics of defendant); United States v. Godsey, 690 F.3d 906, 912 (8th Cir. 2012) (mechanical recitation of § 3553(a) factors at sentencing is not required; it simply must be clear that court actually considered factors in determining sentence); United States v. Jones, 509 F.3d 911, 915 (8th Cir. 2007) (if court adverts to some § 3553(a) considerations, this court has been satisfied that court was aware of statute's entire contents); see also United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009) (court has wide latitude to assign some § 3553(a) factors greater weight than others in determining appropriate sentence).

To the extent Criswell also seeks to challenge the district court's finding that he violated his release conditions, we conclude that the court did not clearly err in this determination, which was based on testimony presented at the revocation hearing, as

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

well as Criswell's own admissions. See United States v. Miller, 557 F.3d 910, 913-14 (8th Cir. 2009) (standard of review for factual findings in supervised release revocation).

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____