# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1305

_____

United States of America

*Plaintiff - Appellee*

v.

Oscar Lee Hall, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: June 18, 2019
Filed: June 20, 2019
[Unpublished]

_____

Before SHEPHERD, BOWMAN, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

Oscar Lee Hall directly appeals the sentence the district court[1] imposed after he pleaded guilty to failing to register as a sex offender. In calculating the

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

appropriate sentencing range under the United States Sentencing Guidelines, the district court classified Hall as a tier III sex offender for purposes of U.S.S.G. § 2A3.5, based on his underlying Michigan conviction for assault with intent to commit sexual penetration. Hall's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that the district court plainly erred in classifying him as a tier III sex offender, and abused its discretion by declining to vary downward from the Guidelines range based on Hall's medical conditions. This court ordered supplemental briefing addressing what approach a district court should apply in classifying a sex offender under the tripartite tier system established by 34 U.S.C. § 20911, and whether Hall was properly classified based on the correct approach. In supplemental briefing, the parties agreed that the categorical approach applied in this case to determining whether Hall's underlying Michigan sex offense was comparable to or more severe than sexual abuse as defined in 18 U.S.C. § 2242(1). The parties disagreed, however, about Hall's proper classification under that approach.

Where, as here, a defendant fails to timely object to a procedural error at sentencing, our review is for plain error. See United States v. Linderman, 587 F.3d 896, 899 (8th Cir. 2009) (procedural errors not raised at sentencing are reviewed for plain error). While it is not clear that the district court compared the state offense to the federal offense as required, see United States v. Lowry, 595 F.3d 863, 866 (8th Cir. 2010) (noting that the federal sex offender tier statute "speaks in terms of the comparability of a defendant's prior crimes of conviction to certain enumerated crimes," and that the Guidelines and statute "unambiguously" set forth a "process" for the sentencing court to follow), we conclude that any error was not plain, see United States v. Winston, 850 F.3d 377, 380 (8th Cir. 2017) (to demonstrate plain error, defendant must show, inter alia, that error is clear or obvious under current law) (citation omitted). Specifically, it is not clear that Hall's underlying Michigan sex offense was less severe than sexual abuse under section 2242(1), and thus that Hall

was improperly classified as a tier III sex offender.  <u>Compare</u> 18 U.S.C. § 2242(1) <u>with</u> Mich. Comp. Laws § 750.520g(1).

We also conclude that the district court did not abuse its discretion in sentencing Hall.  <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (appellate court first ensures no significant procedural error occurred, then considers substantive reasonableness of sentence under abuse-of-discretion standard); <u>see also</u> <u>United States v. Lewis</u>, 593 F.3d 765, 773 (8th Cir. 2010) (denial of downward variance was substantively reasonable where district court considered arguments for downward variance and exercised its discretion in rejecting them).  We decline to consider Hall's pro se ineffective-assistance-of-counsel claim on direct appeal.  <u>See</u> <u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are best litigated in collateral proceedings, where record can be properly developed).

Accordingly, the judgment is affirmed.

_____