# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-2409

———————————————

United States of America

*Plaintiff - Appellee*

v.

Chase Daniel Zerba

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

——————————

Submitted: September 25, 2020
Filed: December 22, 2020

——————————

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

——————————

ERICKSON, Circuit Judge.

Chase Zerba agreed to sell a half-pound of marijuana to Dillon Beener in a drug deal that resulted in the shooting death of Beener's associate, Dylan Plotz. Zerba entered a written plea agreement and pled guilty to conspiring to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 846, as well as possessing a weapon in furtherance of a drug trafficking crime, in violation of

18 U.S.C. §§ 924(c) and 2. The district court[1] ordered Zerba to pay $5,611.55 in restitution to Plotz's family for Plotz's funeral costs. Zerba appeals the restitution order, arguing that it was not authorized by statute or the plea agreement. We affirm.

## I. BACKGROUND

On February 1, 2017, Beener contacted Zerba to purchase a half-pound of marijuana for $1,500, which was a much larger quantity than Beener had previously purchased from Zerba. Zerba was worried that the deal was a set-up for Beener to rob him so he invited Tyler Clemens and Cameron Klouda to accompany him to the deal for added security. Clemens came armed with a shotgun with Zerba's knowledge. Zerba's suspicions were correct: Plotz had arranged for Beener to contact Zerba as a pretext for robbery. The robbery went awry and in the process Clemens shot and killed Plotz.

Zerba pled guilty to conspiring to distribute marijuana and to possessing a weapon in furtherance of a drug trafficking crime pursuant to a written plea agreement. This case turns on a provision in the plea agreement, which states:

> Defendant agrees defendant will be required to pay full restitution to all victims of the offense(s) including relevant conduct victims. Defendant further understands the amount of loss sustained by each victim will be determined during the course of preparation of the presentence investigation report.

The presentence investigation report recommended that the district court order Zerba to pay Plotz's parents $5,611.55 in restitution for Plotz's funeral expenses.

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

While Zerba objected to the recommendation and contested its application at the sentencing hearing, the court awarded restitution to Plotz's parents. Zerba appeals, asserting the restitution order is improper for two reasons: (1) Plotz is not a "victim" within the meaning of the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663, because Plotz was a participant in the conduct underlying the offense of conviction and because Plotz was not directly harmed by Zerba's conduct, and (2) the district court erred when it determined the plea agreement authorized restitution to Plotz's family.

## II.    DISCUSSION

A federal court is permitted to order restitution only when authorized by statute. United States v. Doering, 759 F.3d 862, 866 (8th Cir. 2014). The VWPA affords sentencing courts with the discretion to order restitution to the victims of certain offenses or to the victim's family members if the victim is deceased. 18 U.S.C. § 3663(a)(1)(A) and (a)(2). Restitution may include funeral expenses. Id. § 3663(b)(3). The statute permits a sentencing court to order restitution "in any criminal case to the extent agreed to by the parties in a plea agreement," id. § 3663(a)(3), including to persons other than the victim of the defendant's offense of conviction, id. § 3663(a)(1)(A).

The district court ordered restitution under both the VWPA and the plea agreement. In the plea agreement Zerba agreed to pay full restitution to "all victims of the offense(s) including relevant conduct victims." Zerba contends that Plotz is not a victim within the meaning of the agreement and that a plea agreement may not expand the statutory obligation to pay restitution.

We apply ordinary contract principles when construing plea agreements. United States v. Mosley, 505 F.3d 804, 808 (8th Cir. 2007). Any ambiguities are construed against the government. See United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003) (en banc).

The plea agreement provision at issue does not incorporate or reference the VWPA, or include the VWPA's definition of a "victim." The plea agreement uses the phrase "all victims of the offense(s)" to which it appends "including relevant conduct victims." While an argument perhaps can be made that "victims of the offense(s)" should be coextensive with the definition of "victim" in the VWPA, it is plain and unambiguous that the phrase "including relevant conduct victims" is adding something more. The question becomes: is that something more plain or ambiguous? We find that it is plain.

"Relevant conduct" is a term of art that is defined with precision in the Sentencing Guidelines. It includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(A) (2018). For jointly undertaken criminal activity, relevant conduct also includes the acts of others that occurred during or in preparation for the offense of conviction taken "(I) within the scope of the jointly taken criminal activity, (ii) in furtherance of that criminal activity, and (iii) [that are] reasonably foreseeable in connection with that criminal activity." Id. § 1B1.3(a)(1)(B).

Clemens was present and armed at the express direction of Zerba for the purpose of protecting the conspiracy from a robbery by Beener and his associates, which included Plotz. The shooting occurred to protect the conspiracy and unambiguously falls within the definition of relevant conduct for Zerba as the director

of this phase of the conspiracy. Zerba must acknowledge as much, having admitted in his plea agreement: (1) that Clemens was present and armed at the direction of Zerba; (2) that Clemens was a member of the conspiracy to distribute marijuana; (3) that "Clemens committed the crime of use, carry, brandish, and discharge of a firearm during and in relation to the conspiracy to distribute marijuana and in furtherance of the conspiracy" because it prevented Zerba from being robbed of his marijuana; and (4) that Clemens's "use, carry, brandish, and discharge of the firearm . . . was within the scope of the conspiracy to distribute marijuana and was reasonably foreseeable as a necessary and natural consequence of the conspiracy." Based on these admitted facts, Clemens's shooting of Plotz is relevant conduct for Zerba. It is indisputable that Plotz is a victim of that relevant conduct. His family is entitled to restitution because the VWPA specifically allows restitution to be ordered in "any criminal case to the extent agreed to by the parties in a plea agreement," 18 U.S.C. § 3663(a)(3), and Zerba agreed to pay restitution for "relevant conduct victims." Because the plea agreement authorized the district court to order restitution, we need not reach the question of whether restitution was separately available under the VWPA.[2]

## III. CONCLUSION

We affirm the district court's order of restitution.

_____

---

[2]Zerba argued in a Fed. R. App. P. 28(j) letter that the district court violated the party presentation principle recently reiterated by the United States Supreme Court in United States v. Sineneng-Smith, __ U.S.__, 140 S.Ct. 1575 (2020), when it *sua sponte* determined the plea agreement obligated Zerba to pay restitution. While we have doubts about application of that principle in this case, we do not consider arguments raised for the first time in a Rule 28(j) letter. DISH Network Serv. L.L.C. v. Laducer, 725 F.3d 877, 883 (8th Cir. 2013).