# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-1996

———————————————

United States of America

*Plaintiff - Appellee*

v.

Derrick Alvin Givens

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

——————————

Submitted: January 19, 2021
Filed: January 22, 2021
[Unpublished]

——————————

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Derrick Givens appeals after he pleaded guilty to a drug offense, and the district court[1] imposed a sentence of imprisonment below the advisory sentencing guidelines

———————————————

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

range. His counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the substantive reasonableness of Givens's sentence and the special conditions of his supervised release.

Upon careful review, we conclude that the district court did not impose an unreasonable sentence. The court properly considered the factors set forth in 18 U.S.C. § 3553(a), and there is no indication that the court considered an improper or irrelevant factor or committed a clear error in weighing relevant factors. *See United States v. Salazar-Aleman*, 741 F.3d 878, 881 (8th Cir. 2013) (discussing appellate review of sentencing decisions). We further conclude that the court did not plainly err in imposing the unobjected-to special conditions of supervised release. *See United States v. Winston*, 850 F.3d 377, 379-80 (8th Cir. 2017) (applying plain-error review to objections to a special condition of supervised release that the defendant failed to raise before the district court); 18 U.S.C. § 3583(d) (setting forth general criteria for special conditions of supervised release).

In addition, having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____