# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1796
_____

United States of America

*Plaintiff - Appellee*

v.

Clarence Johnson, also known as D-dog

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: September 1, 2021
Filed: September 7, 2021
[Unpublished]
_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Clarence Johnson is a career offender, *see* U.S.S.G. § 4B1.1(a), who is serving a term of supervised release in connection with his convictions for drug offenses. After he admittedly failed a drug test, the district court[1] modified the terms of his

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

release to include a special condition that he submit his "person, property, residence, adjacent structures, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), and other electronic communications or data storage devices or media" to a search conducted at a reasonable time and in a reasonable manner by a probation officer, if the probation officer has reasonable suspicion to believe Johnson violated a condition of his supervised release and the place to be searched contains evidence of the violation or contraband. Johnson challenges the condition.

Having reviewed the record, we affirm. *See United States v. Sterling*, 959 F.3d 855, 861 (8th Cir. 2020) (reviewing modification of conditions of supervised release for an abuse of discretion). Considering Johnson's history, his current violation, the need to ensure his compliance on supervision, and the language limiting the scope of the searches, we conclude the district court did not abuse its broad discretion. *See United States v. Wiedower*, 634 F.3d 490, 493 (8th Cir. 2011) (explaining the district court has broad discretion when imposing supervised release conditions that are reasonably related to 18 U.S.C. § 3553(a) factors, involve no greater deprivation of liberty than reasonably necessary, and are consistent with pertinent Sentencing Commission policy statements); *see also Sterling*, 959 F.3d at 859, 862 (upholding a special condition allowing a probation officer to search the defendant at a reasonable time and in a reasonable manner upon reasonable suspicion, based in part on the defendant's criminal history); *United States v. Winston*, 850 F.3d 377, 379-81 (8th Cir. 2017) (same). The record reflects the district court considered Johnson's arguments, including whether continuing random drug testing was sufficient to ensure his compliance. *See Winston*, 850 F.3d at 381.

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____