# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3814
_____

United States of America

*Plaintiff - Appellee*

v.

John Frederick Krisnik

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: May 25, 2022
Filed: June 15, 2022
[Unpublished]

_____

Before COLLOTON, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

John Frederick Krisnik appeals after he pled guilty, pursuant to a plea agreement, to receiving child pornography, and the district court[1] ordered him to pay

_____

[1]The Honorable Joan N. Ericksen, United States Judge for the District of Minnesota.

$44,000 in restitution, allocated among twelve victims. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

On appeal, Krisnik argues that, to the extent restitution was ordered for victims outside the count of conviction, it was unauthorized, and, in any event, the court erred in determining the amount of restitution owed to each victim. Having reviewed the record and the parties' arguments on appeal, we find no basis for reversal.

In the plea agreement, Krisnik stipulated to conduct underlying the offense of conviction and relevant conduct involving over 8,000 images and 184 videos of child pornography. He agreed he would make restitution to victims identified in twelve specific child pornography series, and agreed the district court may order him to make restitution "to any victims of his crimes regardless of whether the victim was named in the indictment or whether the victim is included in the count of conviction." In briefing regarding restitution, the government identified the number of images and videos recovered from Krisnik depicting each victim, summarized the impact the depictions had on each victim, stated the amount each victim sought in restitution, and set forth the restitution—ranging from $3,000-$5,000 per victim, for a total of $44,000—the government believed was reasonable. Krisnik did not file a responsive brief. The district court ordered restitution consistent with the government's requests.

Restitution was properly ordered pursuant to 18 U.S.C. § 3663 and the plea agreement. *See* 18 U.S.C. § 3663 (court may order that defendant make restitution to any victim of offense; and if agreed to by the parties in a plea agreement, persons other than the victim of the offense); *United States v. Zerba*, 983 F.3d 983, 985 (8th Cir. 2020) (where plea agreement stated that defendant agreed to pay restitution to all victims of offense, including relevant conduct victims, concluding district court ordered restitution under both § 3663 and plea agreement); *cf. United States v. Murillo-Salgado*, 854 F.3d 407, 414 (8th Cir. 2017) (this court may affirm on any ground supported by the record).

This court finds no plain error in the calculation of restitution, as Krisnik did not object in the district court to the government's calculations, he agreed he would pay restitution to the victims of his offenses, and he makes no argument on appeal regarding any effect on his substantial rights. *See United States v. Binkholder*, 832 F.3d 923, 930 (8th Cir. 2016) (standard of review); *see also United States v. Winston*, 850 F.3d 377, 380 (8th Cir. 2017) (to demonstrate plain error defendant must show (1) error, (2) that is clear or obvious under current law, (3) which affected his substantial rights, and (4) seriously affects fairness, integrity, or public reputation of judicial proceedings).

The judgment is affirmed.

_____