# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1794
_____

United States of America

*Plaintiff - Appellee*

v.

Lloyd Weyer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: August 19, 2024
Filed: August 22, 2024
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Lloyd Weyer appeals a new special condition of supervised release that the district court[1] imposed shortly after his term of supervision commenced. Upon careful review of the record and the parties' arguments on appeal, we affirm.

Weyer argues that the district court erred in imposing a special condition requiring sex-offender counseling because the condition was unrelated to the underlying offenses of conviction, i.e., conspiring to distribute methamphetamine and laundering money; the court imposed the condition as part of a generalized approach to all sex offenders, rather than based on an individualized inquiry; and his 1997 sex offense was too remote in time to justify imposition of the special condition. Our review is for plain error, because Weyer's challenge to the special condition before the district court was based on different grounds; namely, that he was unlikely to comply with the condition because he maintained his innocense of a sex offense, and he was concerned that sex-offender treatment would interfere with his employment. See United States v. Ridings, 75 F.4th 902, 906 (8th Cir. 2023) (where objection was on different grounds, plain-error review applies); Puckett v. United States, 556 U.S. 129, 135 (2009) (to preserve claim of error, party must inform court of objection and grounds for that objection).

We find no plain error. See United States v. Winston, 850 F.3d 377, 380 (8th Cir. 2017) (plain-error requirements); see also United States v. Strubberg, 929 F.3d 969, 979 (8th Cir. 2019) (to prevail on plain error review, defendant must "establish that the condition is obviously impermissible"; it is not enough that permissibility of condition is "reasonably debatable") (citation omitted). First, this court has upheld sex-offense-related special conditions, though unrelated to a defendant's offense of conviction, when the conditions were relevant to a prior sex offense. See, e.g., United States v. Stelmacher, 891 F.3d 730, 734 (8th Cir. 2018) (upholding imposition of

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

condition limiting contact with minor children unrelated to firearm offense). Further, the record--including the district court's statements at the modification hearing--shows the court understood that the condition is relevant to Weyer's history and characteristics, the need to protect the public, and rehabilitation; and the court did not apply the condition categorically without considering relevant factors in Weyer's case; moreover, the condition involves no greater deprivation of liberty than is reasonably necessary to meet the relevant goals. See 18 U.S.C. §§ 3553(a), 3583(d)(1); cf. Winston, 850 F.3d at 381 (condition need not be vacated based on lack of detailed individual findings if basis for special condition can be discerned from record). That the prior sex offense was remote in time does not, under the facts of this case, establish plain error. In any event, even assuming the court erred in imposing the condition, the facts of this case do not suggest that failing to correct the error would impugn the integrity of the judicial process. See United States v. Fenner, 600 F.3d 1014, 1027 (8th Cir. 2010) (under plain error review, concluding sex-offender treatment condition was not obviously impermissible where facts fell "somewhat in between prior cases and the different standard of review utilized in them"; even assuming court obviously erred in imposing condition, record did not indicate that error affected integrity of judicial proceedings).

Accordingly, we affirm.

_____