# United States Court of Appeals

## For the Eighth Circuit

_____

No. 25-1432

_____

United States of America

*Plaintiff - Appellee*

v.

Brett Michaels Chilton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: October 3, 2025
Filed: October 8, 2025
[Unpublished]

_____

Before LOKEN, BENTON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Brett Michaels Chilton appeals after he pled guilty to being a felon in possession of a firearm and the district court[1] imposed a below-Guidelines-range sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Counsel moved for leave to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the denial of Chilton's motion to suppress, the substantive reasonableness of his sentence, and the constitutionality of his offense of conviction. Chilton has filed a pro se brief arguing that the court erred in not accounting for time he served in federal custody.

Upon careful review, this court concludes that counsel's argument challenging the denial of the suppression motion asserts a nonjurisdictional defect or error that was waived by Chilton's guilty plea. *See United States v. Arrellano*, 213 F.3d 427, 430 (8th Cir. 2000) (concluding defendant waived right to appeal denial of motion to suppress because he did not enter conditional guilty plea reserving right to appeal the motion); *see also United States v. Limley*, 510 F.3d 825, 827-28 (8th Cir. 2007) (intent by parties to enter into conditional plea to preserve specific issue for appellate review must be manifested by writing and approved by court; pleas are otherwise presumptively unconditional). This court also concludes that the district court did not impose a substantively unreasonable sentence, as it properly considered the 18 U.S.C. § 3553(a) factors, and there is no indication that it overlooked a relevant factor, or committed a clear error of judgment in weighing relevant factors. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (abuse of discretion review); *see also United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009) (when district court varies below Guidelines range, it is "nearly inconceivable" that it abused its

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

discretion in not varying further downward). Chilton's facial challenge to 18 U.S.C. § 922(g)(1) is foreclosed by *United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024); *see also United States v. Winston*, 850 F.3d 377, 380 (8th Cir. 2017) (plain error review). As to Chilton's pro se argument, we conclude the district court did not plainly err in declining to credit him for time served because the court lacked authority to award such credit. *See* 18 U.S.C. § 3585(b); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004); *see also Winston,* 850 F.3d at 380.

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no non-frivolous issues for appeal.

The judgment is affirmed and counsel's motion to withdraw is granted.

_____